*United States v. Dominguez-Bido*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand twenty-two.

PRESENT:
DENNY CHIN,
SUSAN L. CARNEY,
JOSEPH F. BIANCO,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

  *Appellee,*

   v.               No. 21-1895

FELIX AGUSTIN DOMINGUEZ-BIDO, AKA SEALED
DEFENDANT 1, AKA FELIX DOMINGUEZ,

  *Defendant-Appellant.*

---

FOR APPELLANT:        Darrell Fields, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE:         Ni Qian (Michael D. Maimin, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 30, 2021, is **AFFIRMED**.

Felix Agustin Dominguez-Bido appeals from a 2021 judgment of conviction for illegal reentry into the United States. *See* 8 U.S.C. § 1326(a). Dominguez-Bido moved to dismiss the indictment on the ground that the government would be unable to prove an essential element of the illegal reentry offense—his prior removal—because, he argued, the immigration court that ordered his deportation lacked jurisdiction. The district court denied the motion, as well as his subsequent motions for reconsideration. Dominguez-Bido then entered a conditional plea of guilty, reserving his right to appeal the decisions denying his motion to dismiss and his motions to reconsider. He was sentenced to time served. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* mixed questions of law and fact underlying a district court's denial of a motion to dismiss an indictment. *See United States v. Daley*, 702 F.3d 96, 99–100 (2d Cir. 2012).

Under 8 U.S.C. § 1326(d), a defendant "may not challenge the validity of the deportation order" underlying the alleged illegal reentry offense unless: (1) the defendant "exhausted any administrative remedies that may have been available to seek relief against the order"; (2) "the deportation proceedings at which the order was issued improperly deprived the [defendant] of the opportunity for judicial review"; and (3) "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). A defendant must satisfy these prerequisites before collaterally attacking a prior removal order in a subsequent prosecution for illegal reentry. *See United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1620–21 (2021). Otherwise, the court lacks jurisdiction and the challenge must be dismissed.

Dominguez-Bido argues that, because he was served with a Notice to Appear ("NTA") that lacked the date, time, and place of the hearing as required by 8 U.S.C. § 1229(a), it was insufficient to vest jurisdiction in the immigration court. He contends that he either (1) need not comply with section 1326(d) because his removal proceedings did not comport with due process, or (2) meets, or should be excused from, the section 1326(d) requirements because no administrative remedies were available, and his waiver of appellate review was invalid. Even assuming that, as he argues, in some circumstances section 1326(d) may not be applied consistent with due process, his challenge fails because his jurisdictional argument is foreclosed.

As Dominguez-Bido recognizes, in 2019 we held in *Banegas Gomez v. Barr* that "an NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the [noncitizen]." 922 F.3d 101, 112 (2d Cir. 2019). Although Dominguez-Bido submits that *Banegas Gomez* was abrogated by the Supreme Court's decision in *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), we subsequently held in *Chery v. Garland* that "the jurisdictional holding of *Banegas Gomez* remains good law," 16 F.4th 980, 987 (2d Cir. 2021). The only basis that Dominguez-Bido provides to distinguish the jurisdictional issue presented in his case from that presented in *Banegas Gomez* is the fact that "[t]he NTA here was missing not only date and time information but also the Immigration Court's address, an issue *Banegas Gomez* does not address." Appellant's Br. at 27. Dominguez-Bido does not elaborate on the reason this is a meaningful difference, however, and we can discern none, because both the statutory and regulatory provisions regarding notices to appear treat information regarding the place of the removal hearing in the same fashion as they treat the date and time. *See* 8 U.S.C. § 1229(a)(1)(G)(i); 8 C.F.R. § 1003.18(b). The omission of any of these does not deprive the immigration court of jurisdiction so long as there is a timely subsequent notice providing the information.

Circuit precedent therefore requires us to reject Dominguez-Bido's challenge to the immigration court's jurisdiction. Accordingly, he has no constitutional basis to avoid

application of the section 1326(d) requirements.[1] Because he identifies no procedural error in his removal proceedings that would render the removal order fundamentally unfair, he cannot satisfy the third requirement. *See* 8 U.S.C. § 1326(d)(3); *Daley*, 702 F.3d at 100. Section 1326(d) therefore bars his collateral attack.

We have considered Dominguez-Bido's remaining arguments and find in them no basis for reversal. The judgment of the district court is therefore **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

---

[1] To the extent Dominguez-Bido argues that he should be excused from the section 1326(d) requirements because his waiver of appeal was invalid, the argument fails. Failure to comply with the requirements cannot be excused, *see Palomar-Santiago*, 141 S. Ct. at 160–21, unless applying the requirements would be unconstitutional. Because Dominguez-Bido cannot meet the third requirement—fundamental unfairness— we need not address the question whether his appeal waiver was invalid, and if so, whether the invalid waiver rendered administrative remedies effectively unavailable and thereby deprived him of the opportunity for judicial review.

4